UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| C. PHILLIP THOMAS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No.: 1:22-CV-129-KAC-CHS |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant's "Motion to Dismiss for Failure to Prosecute" [Doc. 14], Plaintiff's "Response in Opposition" [Doc. 15], and Defendant's "Reply in Further Support" [Doc. 16]. Defendant separately filed a "Motion to Amend Scheduling Order and Continue Trial" [Doc. 17]. Because Plaintiffs have willfully failed to prosecute this case for more than thirteen (13) months, the Court grants Defendant's "Motion to Dismiss" [Doc. 14] and dismisses this action with prejudice. *See* Fed. R. Civ. P. 41(b).

### I. Factual Background

On April 11, 2022, Plaintiffs filed a Complaint in the Circuit Court of Hamilton County, Tennessee [Doc. 1-1 at 6]. Plaintiffs alleged that Defendant breached a property and casualty insurance policy after an April 12, 2020 windstorm [*Id.* at 6-7]. On May 20, 2022, Defendant properly removed the case to this Court [Doc. 1 at 1-2].

On July 12, 2022, the Parties held a virtual scheduling conference via Webex [*See* Doc. 10 at 1]. On July 13, 2022, the Parties jointly filed a "Certification and Report of Fed. R. Civ. P. 26(f) Conference and Discovery Plan" [*Id.*]. In their Report, the Parties agreed to "make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before August 12, 2022"

1

[Doc. 10 at 1]. The Court then entered a Scheduling Order on July 18, 2022 [Doc. 11]. Consistent with the Parties' agreement, the Court ordered the Parties to exchange initial disclosures under Rule 26(a)(1) on or before August 12, 2022 [*Id.* at 2]. The Court also ordered the Parties to complete discovery on or before April 21, 2023 [*Id.* at 1-2].

Nine (9) months passed. On April 20, 2023, United States Magistrate Judge Christopher H. Steger held a telephonic conference with the Parties at their request [*See* Doc. 12 at 2]. On April 21, 2023, the Parties filed a "Joint Motion to Amend Scheduling Order and Continue Trial" [*Id.*]. The Parties asserted that Plaintiffs had not provided initial disclosures to Defendant [*Id.* at 1-2]. Plaintiffs also had not responded to Defendant's February 10, 2023 written discovery requests [*Id.* at 2]. Plaintiffs "represented that the initial disclosures and outstanding discovery would be answered by April 28, 2023" [*Id.* at 1-2]. The Parties further agreed to specific extensions, which the Court incorporated in its April 26, 2023 "Order Granting Joint Motion to Amend and Issuing Amended Scheduling Order" [Doc. 13; *see also* Doc. 12 at 2-3].

In the Amended Scheduling Order, the Court warned that "***the schedule will not change except for good cause shown in strict compliance with Rule 6(b)***" [Doc. 13 at 1]. The Court also ordered the Parties to "follow their agreement" that (1) "Plaintiffs will 'provide their [initial] disclosures by **April 28, 2023**" and (2) Defendant "shall then have 'forty-five (45) days from receipt of' Plaintiffs' initial disclosures 'to evaluate any deficiencies therein and seek relief from the Court if appropriate'" [*Id.* at 2 (quoting Doc. 12 at 1, 3)]. The Court also ordered Plaintiffs to "'serve discovery responses' [to the outstanding requests] on or before **4/28/2023**" [*Id.* (quoting Doc. 12 at 2)]. And the Court gave Defendant "'forty-five (45) days from receipt of Plaintiffs' discovery responses' 'to evaluate any deficiencies therein and seek relief from the Court if appropriate'" [*Id.* (quoting Doc. 12 at 2)].

2

On June 9, 2023, Defendant filed the instant Motion, asking the Court to "dismiss[] this matter with prejudice" "[p]ursuant to Rule 41(b) of the Federal Rules of Civil Procedure" because Plaintiffs failed to (1) prosecute this matter, (2) serve initial disclosures or discovery responses, and (3) "abide by th[e] Court's Order" [Doc. 14 at 1-2]. Defendant asserted—and the record shows—that Plaintiffs failed to provide initial disclosures or discovery responses, as ordered by the Court, despite "multiple" attempts by Defendant's counsel to contact and cooperate with Plaintiffs' counsel [*Id.* at 2; *see also* Docs. 16 at 3; 16-1; 16-2; 16-3; 16-4].

Plaintiffs opposed Defendant's Motion but admitted that their counsel "failed to provide" both initial disclosures and discovery "by the April 28, 2023 deadline" [*See* Doc. 15 at 2]. Plaintiffs attributed these failures to counsel's "press of State Court cases," "a lack of stamina," and "complications of health" [*Id.* at 2, 4]. They asserted that they provided Defendant initial disclosures and discovery responses that "were not signed by the Plaintiffs" "on June 12, 2023" [*Id.* at 4].

**II.     Standard**

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Four (4) factors govern the Rule 41(b) analysis:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). "A court need not find that all factors weigh in favor of dismissal in order to dismiss." *Crowley v. Prudential Security, Inc.*, No. 21-1635, 2022 WL

3

2160671, at *1 (6th Cir. June 15, 2022). "Dismissal is usually inappropriate where the neglect is solely the fault of the attorney," *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)), but "a clear record of delay or contumacious conduct" may warrant dismissal, *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991).

### III. Analysis

On this record, the Court is compelled to dismiss this action. Plaintiffs have willfully failed to comply with the Court's Orders and failed to appropriately engage in even initial discovery more than thirteen (13) months after they filed this case. Repeated failure to respond to discovery requests can constitute "contumacious conduct" warranting dismissal. *See Carpenter*, 723 F.3d at 704-05; *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (affirming Rule 41(b) dismissal where plaintiff delayed "nearly a full year after [defendant] served [plaintiff] with its original discovery requests" "with disregard for [defendant's] persistent requests and with contempt for an order of the court").

As an initial matter, Plaintiffs failed to comply with the Court's initial Scheduling Order—to which Plaintiffs agreed—to exchange initial disclosures on or before August 22, 2022. Defendant graciously stipulated to a nine-month (9-month) extension of time for initial disclosures and a month extension of time to respond to discovery. But Plaintiffs abused this courtesy. Plaintiffs then failed to comply with the Court's Amended Scheduling Order—to which Plaintiffs once again agreed—even after the Court held a telephonic conference with the Parties and granted their joint request to extend certain deadlines. At no time thereafter did Plaintiffs request any additional extension of time. And when Plaintiffs did exchange initial disclosures and discovery responses—only after Defendant filed the instant Motion—those responses were plainly

4

insufficient. Plaintiffs' initial disclosures did not provide "a description by category and location" of documents supporting Plaintiffs' claims or a computation of damages [*See* Doc. 16-5]. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii), (iii). Plaintiffs' discovery responses contained incomplete answers and were not verified, as required [*See* Doc. 16-8 at 2-3]. *See also* Fed. R. Civ. P. 33. Plaintiffs repeated willful behavior amounts to "a clear record of delay or contumacious conduct" weighing in favor of dismissal. *See Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991).

Further, Plaintiffs' conduct has unquestionably prejudiced Defendant. Defendant has "waste[d] time, money and effort in pursuit of cooperation which [Plaintiffs were] legally obligated to provide." *See Carpenter*, 723 F.3d at 704; *Bass v. Jostens, Inc.*, 71 F.3d 237, 242 (6th Cir. 1995) (concluding that a plaintiff's "repeated failure to cooperate in discovery" "prevented defendant from gathering evidence to support its defense"). Plaintiffs had an obligation to provide initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A). And Plaintiffs had an obligation to provide discovery responses on or before March 13, 2023. *See* Fed. R. Civ. P. 33(b)(2). Plaintiffs failed to do so. And Plaintiffs continued to fail to do so despite Defendant's courtesies. As a result, Defendant has "been unable to secure the information requested" or prepare its defense, creating prejudice. *See Harmon*, 110 F.3d at 368; *see also Barron v. Univ. of Mich.*, 613 F. App'x 480, 485 (6th Cir. 2015) (finding that second factor weighed in favor of dismissal because "defendants never received the outstanding discovery" and "wasted time and money in attempting to compel discovery").

"[T]here can be no argument" that Plaintiffs lacked notice of the potential for dismissal because Defendant "filed a motion to dismiss" under Rule 41(b) to which Plaintiffs responded. *See Harmon*, 110 F.3d at 368; *see also Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 593 (6th Cir. 2001) (noting that defendant's filing of an "Application for Dismissal for Failure to Prosecute"

5

"placed Plaintiff on notice that the court would be considering dismissal of his claim"). And in its April 26, 2023 Order, Court expressly stated that the Parties "MUST" follow their agreement as to initial disclosures. Plaintiffs failed to follow that agreement even after the Court ordered them to do so. Given Plaintiffs' failure to comply with the deadlines in this case and the Court's Orders, a lesser sanction, such as imposing costs or dismissal without prejudice, would not "protect the integrity of pretrial procedures." *See Carter*, 636 F.2d at 161. The Court has already engaged in a telephonic status conference with both Parties to address Plaintiffs' deficiencies. And the Court thereafter amended the Scheduling Order to accommodate the Parties' agreement. Months have elapsed with little progress to date. At some point, enough is enough. Nearly fifteen (15) months into this case, this is that point. No alternative sanction is appropriate.

## IV. Conclusion

Accordingly, the Court **GRANTS** Defendant's "Motion to Dismiss for Failure to Prosecute" [Doc. 14] and **DISMISSES** this action **WITH PREJUDICE**. *See* Fed. R. Civ. P. 41(b). The Court **DENIES** Defendant's "Motion to Amend Scheduling Order and Continue Trial" [Doc. 17] as **MOOT**. No claims remain in this action. An appropriate judgment shall enter.

IT IS SO ORDERED.

*[signature]*
KATHERINE A. CRYTZER
United States District Judge